UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE
PORTLAND DIVISION

| | |
|---|---|
| **PAULA CORBRIDGE,** <br><br> Plaintiff, <br><br> vs. <br><br> **MIDLAND CREDIT MANAGEMENT, INC.; and DOES 1 through 10, inclusive,** <br><br> Defendant. | Civil Action No.: <br><br> **COMPLAINT AND DEMAND FOR JURY TRIAL** |

## INTRODUCTION

1. This is an action for actual and statutory damages brought by plaintiff Paula Corbridge, an individual consumer, against Defendant's violations of the law, including, but not limited to, violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter ''FDCPA'') which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## PARTIES

2. Plaintiff Paula Corbridge (hereinafter "Plaintiff") is a consumer, a natural person allegedly obligated to pay any debt, and a citizen of the United States of America who presently resides in the following County, in the following state: Oxford County, in the state of Maine.

1

3. Defendant, <u>Midland Credit Management, Inc.</u> (hereinafter "Defendant") is a debt collection agency and company engaged in the business of collecting debt in this state with its principal place of business located in <u>San Diego County</u>, in the state of <u>California</u>.

4. Plaintiff is informed and believes, and thereon alleges, that Defendant uses instrumentalities of interstate commerce or the mails in any business, the principal purpose of which being the collection of debts. Defendant is engaged in the collection of debts from consumers using the mail, electronic mail, facsimile, and telephone, and regularly collects or attempts to collect, directly or indirectly, debts owed or due or alleged to be owed or due another, being a ''debt collector'' as defined by the FDCPA, 15 U.S.C. § 1692a(6).

5. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

<u>JURISDICTION</u>

Jurisdiction is asserted pursuant to the following statutory authorities:

6. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before, "[A]ny appropriate United States district court without regard to the amount in controversy," and also under 28 U.S.C. § 1337.

7.  Venue in this District is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred here. Because Defendant transacts business here, personal jurisdiction is established.

## FACTUAL ALLEGATIONS

Case background:

8.  Sometime before January 14, 2014, Plaintiff incurred a financial obligation that was primarily for personal, family, or household purposes and is therefore a 'debt', as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

9.  Upon information and belief, at some point the alleged debt was consigned, placed or otherwise transferred to Defendant for collection.

10.  The debt that Defendant is attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment, as, again, defined by the FDCPA, 15 U.S.C. § 1692a(5).

11.  Defendant then, within one year prior to the filing of this complaint, began contacting Plaintiff and placing collection call(s) to Plaintiff prior to January 14, 2014; seeking and demanding payment for an alleged consumer debt owed under an account number.

12. On two different days around the middle of November of 2013, Defendant called Plaintiff more than ten times on of the respective two days, knowing that this would harass and/or annoy Plaintiff. The above-detailed conduct by Defendant was in violation of the FDCPA, namely including, but not limited to, violations of 15 U.S.C. §§ 1692d, and § 1692f. These were communication(s), as defined under 15 U.S.C. § 1692a(2).

13. As a result of the acts alleged above, Defendant caused Plaintiff to become very upset because of the illegal manner in which this alleged debt was collected by this Defendant.

14. Plaintiff suffered actual damages as a result of the illegal collection communication(s) by this Defendant in the form of emotional distress, and upset, amongst other negative emotions.

15. Defendant's illegal and abusive collection communications as more fully described above were the direct and proximate cause of emotional distress on the part of Plaintiff.

**CLAIM FOR RELIEF AND SUPPORTING FACTUAL ALLEGATIONS**

16. Plaintiff repeats, realleges, and incorporates the averments contained in all of the above paragraphs of this complaint as though fully set forth herein.

17. Defendant violated the FDCPA. The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the

FDCPA including, but not limited to, each and every one of the provisions of the FDCPA, 15 U.S.C. § 1692 et seq., cited above, with respect to Plaintiff.

18. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

19. As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and reasonable costs and attorney fees.

## **REQUEST FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant for the following:

A. Actual damages from Defendant pursuant to 15 U.S.C. § 1692k(a)(1) for the emotional distress suffered as a result of intentional and/or negligent FDCPA violations; in amounts to be determined at trial and for Plaintiff.

B. Statutory damages of $1000.00 from Defendant pursuant to 15 U.S.C. § 1692k(a)(2)(A).

C. Punitive damages.

D. Costs and reasonable attorney fees from Defendant and for Plaintiff pursuant to 15 U.S.C. § 1692k(a)(3), and the FCCPA.

E. For such other and further relief as the Court may deem just and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY.** US Const. amend. 7. Fed.R.Civ.P. 38.

Dated: June 26, 2014                 RESPECTFULLY SUBMITTED,

                                                <u>/s/ Douglas F. Jennings</u>
                                                Douglas F. Jennings, Esq.
                                                Maine Bar #3544
                                                Walker & Jennings, PA
                                                226 Water Street
                                                Hallowell, Maine 04347
                                                (207) 631-8188
                                                dfjlaw@live.com
                                              *Attorney for Plaintiff,*
                                                *Paula Corbridge*